# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWEY MITCHELL, | Case No. 1:14-cv-00317-LJO-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| LVN GALEY, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## First Screening Order

### I. Screening Requirement and Standard

Plaintiff Dewey Mitchell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 6, 2014. Plaintiff's claims arise from events which occurred at Avenal State Prison ("ASP") in Avenal, California.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II. Discussion**

    **A. Plaintiff's Allegations**

Plaintiff, who is currently incarcerated at Mule Creek State Prison in Ione, California, brings this action against Licensed Vocational Nurse Galey, Physician Assistant S. Hitchman, Chief Medical Officer Chapnick, and Does 1 through 5 for violating his rights under the Eighth Amendment of the United States Constitution while he was at ASP in 2012.

Plaintiff alleges that on or around November 1, 2012, Defendant Galey injected him with an incorrect dosage of insulin, and he began to feel dizzy and see spots within fifteen minutes of the injection. Plaintiff returned to the B Facility medical clinic and Defendant Galey checked his blood sugar level, which was 63. Defendant Galey gave Plaintiff Glucose 15 and called the

trauma center. Plaintiff began to sweat profusely and he passed out. Defendant Galey gave Plaintiff more glucose, and during Plaintiff's transportation to the trauma center, he went in and out of consciousness.

Plaintiff was not transported to an outside hospital, and he fought for his life for four hours. Plaintiff alleges that his blood sugar level was rising and falling in rapid succession, 300 one minute and 30 the next minute. Further, Plaintiff was not stabilized until 0200 hours.

Next, Plaintiff alleges that ASP medical staff failed to provide him with a special diabetic diet, and the regular diet did not provide him with proper nutrients because the nutritional value of the meals came from starch and carbohydrates. On October 5, 2012, a physician assistant at ASP told Plaintiff he was not getting a special diet, and Defendant Chapnick told him he did not need a special diabetic diet because he was on the "Heart Healthy Diet." (Comp., p. 10.) Plaintiff alleges that the Heart Healthy Diet did not provide him with proper nutrition, and that the failure to provide him with a special diabetic diet contributed to the further deterioration of his health.

### B.     Eighth Amendment Legal Standard

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

**C. <u>Findings</u>**

Diabetes, which in Plaintiff's case required treatment via insulin injection, unquestionably qualifies as a serious medical need. *Colwell v. Bannister*, __ F.3d __, __, 2014 WL 3953769, at *3 (9th Cir. Aug. 14, 2014); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). However, to state a viable claim for violation of the Eighth Amendment, Plaintiff must also allege facts sufficient to show that prison officials knew of and disregarded an excessive risk of harm to Plaintiff's health. *Colwell*, __ F.3d at__, 2014 WL 3953769, at *3; *Lemire*, 726 F.3d at 1074.

Here, Plaintiff's allegations do not suggest that Defendant Galey acted with subjective deliberate indifference in administering the wrong dosage of insulin to Plaintiff. Although Plaintiff clearly alleges harm, a medical mistake such as this does not "become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Colwell*, __ F.3d at__, 2014 WL 3953769, at *5; *Lemire*, 726 F.3d at 1081-82; *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.

With respect to diet, Plaintiff's mere disagreement with prison officials' determination that a heart-healthy diet met his dietary needs does not support a claim under section 1983. *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122-23. Furthermore, it appears Defendant Chapnick's actions may have been limited to reviewing Plaintiff's grievance regarding his diet, which generally falls short of supplying the requisite causal connection between the violation alleged and the defendant's involvement. *See Peralta*, 744 F.3d at 1086-87. There are also no allegations in the complaint attributing any actions or omissions to Defendant Hitchman or Does 1 through 5.

**III. <u>Conclusion and Order</u>**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights, *Jones*, 297 F.3d

4

at 934.  Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*.  *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 9, 2014**               /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE