# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWEY MITCHELL, | Case No. 1:14-cv-00317-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| LVN GALEY, et al., | |
| Defendants. | (Doc. 9) |

## I.  Screening Requirement and Standard

Plaintiff Dewey Mitchell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 6, 2014. On October 9, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on November 7, 2014.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Summary of Plaintiff's Allegations**

Plaintiff, who is currently incarcerated at Mule Creek State Prison in Ione, California, brings this action against Licensed Vocational Nurse Galey, Dr. Biol, Physician Assistant S. Hitchman, and Chief Medical Officer Chapnick for violating his rights under the Eighth Amendment of the United States Constitution with respect to his diabetes while he was at Avenal State Prison in 2012.

As an initial matter, Plaintiff omitted certain relevant allegations from his amended complaint, which is briefer than his original complaint and which lacks the exhibits attached to his original complaint. "A party cannot amend pleadings to 'directly contradict an earlier assertion

made in the same proceeding,'" *Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)), and given the omissions, the Court will consider both pleadings in determining whether Plaintiff's allegations support any viable Eighth Amendment claims,

In his original complaint, as summarized in the first screening order, Plaintiff alleged as follows:

> Plaintiff alleges that on or around November 1, 2012, Defendant Galey injected him with an incorrect dosage of insulin, and he began to feel dizzy and see spots within fifteen minutes of the injection. Plaintiff returned to the B Facility medical clinic and Defendant Galey checked his blood sugar level, which was 63. Defendant Galey gave Plaintiff Glucose 15 and called the trauma center. Plaintiff began to sweat profusely and he passed out. Defendant Galey gave Plaintiff more glucose, and during Plaintiff's transportation to the trauma center, he went in and out of consciousness.
>
> Plaintiff was not transported to an outside hospital, and he fought for his life for four hours. Plaintiff alleges that his blood sugar level was rising and falling in rapid succession, 300 one minute and 30 the next minute. Further, Plaintiff was not stabilized until 0200 hours.
>
> Next, Plaintiff alleges that ASP medical staff failed to provide him with a special diabetic diet, and the regular diet did not provide him with proper nutrients because the nutritional value of the meals came from starch and carbohydrates. On October 5, 2012, a physician assistant at ASP told Plaintiff he was not getting a special diet, and Defendant Chapnick told him he did not need a special diabetic diet because he was on the "Heart Healthy Diet." (Comp., p. 10.) Plaintiff alleges, however, that the Heart Healthy Diet did not provide him with proper nutrition, and that the failure to provide him with a special diabetic diet contributed to the further deterioration of his health.

Doc. 8, Order, 2:25-3:13.)

In his amended complaint, Plaintiff alleges that on or around November 1, 2012, "Defendant Galey injected Plaintiff with a [deadly] lethal combination of insulin which caused the Plaintiff to go into diabetic shock." (Doc. 9, Amend. Comp., p. 3.) Plaintiff alleges that Defendant Galey had given Plaintiff his insulin injection on numerous occasions, he knew giving the wrong dosage would cause diabetic shock, and he gave Plaintiff the wrong dosage anyway.

Subsequently, two MTAs revived Plaintiff by administering sugar shots and food, saving his life, but Defendant Biol, who was in the TTA,[1] sent him back to his cell while he was still

---

[1] Trauma Treatment Area. (Doc. 1, Comp., p. 3.)

unstable and in the absence of any testing to determine why Plaintiff was going in and out of consciousness and his blood sugar was fluctuating. Plaintiff "fell out again" and returned to the TTA, where he was eventually stabilized at 0200 hours. (*Id.*, p. 4.)

Next, Plaintiff alleges that while he was at the El Dorado County Jail, he was provided with a diabetic diet and "proper" insulin dosages. (*Id.*) When he arrived at ASP, Defendant Chapnick reviewed his medical file and determined he did not need a diabetic diet and he needed an insulin dosage increase. Plaintiff alleges that a heart healthy diet does not keep diabetics' blood sugar levels in check, and Defendant Chapnick increased his insulin dosage to compensate for the heart healthy diet.

Finally, Plaintiff alleges that Defendant Hitchman failed to provide Plaintiff with a diabetic diet and diabetics face deterioration as a result of improper diet. Plaintiff alleges that he suffers from retinopathy, which has caused his eyesight to worsen, and his kidneys are affected by high A1C levels.[2]

Plaintiff alleges that "[i]n looking at the totality-of-the-circumstances the defendant's actions and inactions were and are the proximate cause of Plaintiff's declining health," and "[t]heir actions combined show that they were 'deliberately indifferent' to Plaintiff's serious medical needs in treating his diabetes." (*Id.*)

### B. Eighth Amendment Medical Care Claims

#### 1. Legal Standard

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091,

---

[2] The Court may take judicial notice of information on government websites not subject to reasonable dispute, Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Siebert v. Gene Security Network, Inc.*, __ F.Supp.3d __, __, 2015 WL 6765835, at *1 n.2 (N.D.Cal. 2014), and it takes judicial notice of the fact that "[t]he A1C test is a blood test that provides information about a person's average levels of blood glucose... over the past three months," http://diabetes.niddk.nih.gov/dm/pubs/A1CTest/#1 (U.S. Dept. of Health & Human Services, National Institutes of Health website).

1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

### 2. Findings

Diabetes, which in Plaintiff's case requires treatment via insulin injection, unquestionably qualifies as a serious medical need, and the Court sympathizes with the challenges diabetes can present. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). However, to state a viable claim for violation of the Eighth Amendment, Plaintiff must also allege adequate facts to support a claim that each named defendant knew of and disregarded an excessive risk of harm to Plaintiff's health. *Colwell*, 763 F.3d at 1066; *Lemire*, 726 F.3d at 1074.

#### a. Defendant Galey

Here, Plaintiff's allegations do not support a claim that Defendant Galey acted with subjective deliberate indifference by intentionally administering the wrong dosage of insulin to Plaintiff. Although Plaintiff alleges that Defendant Galey administered the wrong dosage despite having previously administered insulin to Plaintiff and knowing the harm that could befall someone given the wrong dosage, his allegations across both pleadings simply do not suggest that Defendant Galey knowingly and intentionally administered the wrong insulin dosage to Plaintiff. While Plaintiff clearly alleges resulting harm, an error such as this does not "become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Colwell*, 763 F.3d at 1068; *Lemire*, 726 F.3d at 1081-82; *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.

### b. **Defendant Biol**

With respect to Defendant Biol, Plaintiff's allegations also fall short of supporting a claim that Biol knowingly disregarded a serious risk of harm to Plaintiff's health. Between both pleadings, Plaintiff's allegations show that he returned to the facility clinic about fifteen minutes after receiving the incorrect insulin injection, when he became dizzy and started seeing spots. Defendant Galey checked Plaintiff's sugar level, administrated Glucose 15, and called the TTA. While awaiting a response, Plaintiff started sweating and passed out; and Defendant Galey administered more glucose. Plaintiff alleges that Defendant Biol subsequently sent him back to his cell while he was still unstable and without conducting further tests. Plaintiff thereafter returned back to the TTA, where he was ultimately stabilized after many hours.

Although Plaintiff alleges that Defendant Biol failed to conduct further testing, Plaintiff's allegations establish that, at the very *minimum*, he received some measure of assessment by Defendant Galey and some measure of treatment first by Galey and then by two MTAs. Section 1983 provides no redress for mere disagreements between prisoners and medical staff, and based on the facts alleged in both pleadings, Plaintiff's allegations evidence his mere disagreement with Defendant Biol's medical evaluation and decision to return him to his cell; there is no factual support for a reasonable inference that Defendant Biol knew of and disregarded a substantial risk of harm to Plaintiff's health when he determined Plaintiff could return to his cell.

### c. **Defendants Chapnick and Hitchman**

Finally, with respect to a special diabetic diet, Plaintiff's disagreement with prison officials' determination that a heart-healthy diet met his dietary needs does not support a claim under section 1983. *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122-23. Plaintiff alleges that Defendant Chapnick reviewed his medical file and determined that he did not need a diabetic diet and his insulin needed increased. In addition, Exhibit B to Plaintiff's original complaint evidences that he was interviewed regarding his request for a diabetic diet, during the course of which his laboratory studies were reviewed. Plaintiff's disagreement with medical staff's determination that the standard "Heart Healthy Diet" sufficed and he lacked any medical need for

a more specialized diet does not give rise to a viable claim for relief under section 1983.  (Doc. 1, Comp., Ex. B.)

### III.     Conclusion and Recommendation

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with an opportunity to amend and based on the allegations in both pleadings, and the exhibits included with the original complaint, further leave to amend is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **May 27, 2015**                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE